## WELTY v. CLUTE et al.
### No. 44.

District Court, W. D. New York.
Dec. 19, 1939.

Ferris, Burgess, Hughes & Dorrance, of Utica, N. Y., for plaintiff.

**430**

Mandeville, Waxman, Buck, Teeter & Harpending, of Elmira, N. Y., for defendants.

KNIGHT, District Judge.

■ Plaintiff moves for the production of certain documents. It is not necessary to state the law applicable to this motion further than to say that the Federal Rules of Practice 26 to 37 inclusive, 28 U.S.C.A. following section 723c, are to be construed broadly with the view to a showing of material facts. With this in mind the action of the court is as follows:

II. 1. Granted.

2. Granted.

3. Granted insofar as it relates to correspondence from November 23, 1929.

4. Granted insofar as the books of Warren W. Clute, deceased, show an account with the plaintiff.

5. Granted insofar as the bank books of Warren W. Clute, deceased, show any accounts with the plaintiff.

6. Granted insofar as any check books of Warren W. Clute, deceased, are shown as made to the plaintiff or to any one else on account of the notes in suit.

7. Denied.

8. Denied.

III. A. 1. Granted.

2. Granted.

3. Denied, unless the inquiry is more specifically limited.

4. Granted, if limited to period commencing with November 23, 1929.

5. Granted, if limited to period commencing with November 23, 1929.

6. Granted insofar as the journal of the Watkins Salt Company shows any accounts with Warren W. Clute, deceased.

7. Granted insofar as the cash book of the Watkins Salt Company shows any receipts or disbursements from 1929 to date, received from or made to Warren W. Clute, deceased, or upon his account.

8. Granted.

9. Granted.

10. Granted.

11. Denied.

B. 1, 2 and 3. Granted insofar as they relate to the period of time commencing with November 23, 1929, and insofar as they relate to loans or transactions with Warren W. Clute, deceased.

■ The court has, in the respects above stated, limited discovery to a period of time commencing November 23, 1929, because there is nothing in the record to show that any loan made by Warren W. Clute, deceased, to the plaintiff was made prior to that date. It rather appears that the loan alleged to have been made in 1917 was made by the bank. The Claim II of the complaint alleges that in June, 1932, Clute acquired a promissory note of the plaintiff together with the collateral. It is plaintiff's contention that this note originated in 1917, but as seen, Clute first acquired his interest in 1932. I have disallowed the motion to require the production of the income tax returns. The books and records required to be produced should sufficiently show the income of these parties insofar as it is relevant to the issues.

An order may be prepared in accordance with this memorandum.